WILLIAM HOLDEN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5138.   Promulgated March 26, 1927.

In 1919 petitioner entered into a contract to sell a lease. The lease with an assignment thereof and payment therefor were deposited with a bank in escrow. The terms of the contract and escrow were performed within the year. After the contract to sell was made, petitioner stated to the purchaser that petitioner did not wish to realize the proceeds of the sale in 1919 and the purchaser instructed the escrow agent, in the presence of the petitioner, that payment of the proceeds was not to be made to petitioner until January 2, 1920. *Held,* that profit from the sale was taxable income in 1919.

*Don T. Haynes, Esq.,* for the petitioner.
*George G. Witter, Esq.,* for the respondent.

The petitioner appeals from the determination by the Commissioner of a deficiency of $6,947.44 in income tax for 1919, and as the basis of his appeal sets out in his petition allegations of error as follows:

(1) The Commissioner has erred in holding that the sale of a certain oil lease by taxpayer to one C. W. Murchison was a completed transaction within the year 1919 and in including $50,000, profit from such sale, in taxpayer's 1919 income.

(2) The Commissioner has erred in disallowing taxpayer the right of paying out of community funds interest in the amount of $31,686, taxes in the amount of $13,423.26, and other deductions amounting to $22,367.06, all in connection with taxpayer's separate property.

Upon the hearing no sufficient evidence was introduced with respect to the second allegation of error.

### FINDINGS OF FACT.

On or about November 22, 1919, the petitioner entered into a contract with one C. W. Murchison for the sale to said Murchison of an oil lease upon certain property in Wichita County, Texas, the material terms of which are as follows:

Party of the second part [Murchison] agrees to place fifty-five thousand ($55,000) dollars in the City National Bank of Wichita Falls, to be paid to the party of the first part [Holden] upon examination and approval of the title by the attorneys of party of the second part.

Party of the first part agrees to execute an assignment and place together with this contract and above mentioned amount of money in the City National Bank of Wichita Falls, and further agrees to furnish party of the second part abstract of title to said land and allow him five days in which to examine same, and if at the end of five days reasonable objections are found party of the second part agrees to allow first party reasonable length of time to remedy same.

Should party of the second part fail or refuse to take said land after good and merchantable title has been shown the above mentioned amount of money is to be forfeited as liquidated damages.

Should title of said land prove nonmerchantable, said fifty-five thousand dollars is to be returned to C. W. Murchison, and this contract is to be null and void. It is agreed that this contract should be closed within fifteen days from date of this instrument.

This contract, together with the payment of $55,000, was deposited in the City National Bank of Wichita Falls on or about November 24, 1919. Either on that date or at some time shortly thereafter the petitioner stated to Murchison that he did not wish to realize the proceeds of the sale during 1919, and instructions were given to one of the bank's officials by Murchison in the presence of petitioner that the amount of the deposit was not to be paid to petitioner before January 2, 1920.

The terms of the contract were fully carried out during 1919 and prior to December 31, 1919, Murchison accepted the assignment of the lease and recorded it.

The Commissioner determined a profit of $31,000 from the transaction, which he included as income to the petitioner for 1919, and computed the deficiency accordingly.

## OPINION.

PHILLIPS: There is no dispute between the parties that the profit from the sale of the lease was $31,000. It is the contention of the petitioner, however, that such profit was not realized until 1920. The undisputed evidence is that the transaction was completed in 1919 and the assignment of the lease accepted by the purchaser and recorded. Because of the instructions issued to the bank, the payment was not made to petitioner until 1920, and it is his contention that no income was realized until that year. With this contention we can not agree.

The sale was completed in 1919. The purchase price was on deposit with the bank and despite the instructions given the bank to withhold payment, it is our opinion that it became available to the petitioner in that year. No one else had, or claimed to have, any interest in it. It was only because of instructions which had been issued to the bank at the instance of the petitioner that it was not paid. Had such instructions been a part of the contract there might have been some basis for a determination that the money was not received in 1919 by the petitioner, who reported his income upon a cash receipts basis. As to this we express no opinion. Here, however, was no contract or enforcible modification of the original contract; nothing more than an instruction (without consideration) at the request of the petitioner that payment be withheld.

Murchison had no claim to the money after he had accepted the assignment of the lease. The bank had no interest in it. The money was the petitioner's to do with as he pleased. The fact that he had voluntarily instructed the bank, or caused Murchison to instruct the bank, that the money was not to be paid to him until January 2, 1920, is insufficient in our opinion to prevent the realization of income in the year in which the sale was consummated and the terms of the escrow performed. Thereafter, the bank was the agent of the petitioner only, and its possession of the money, free from any further obligation of the escrow agreement, was possession in the petitioner.

*Decision will be entered for the Commissioner.*